

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00496-CV

**IN THE INTEREST OF M.A.S.L.** and K.J.L., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01773
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice
Concurring Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 19, 2018

REVERSED AND RENDERED

Manuel[1] appeals the trial court's order terminating his parental rights to his children,

M.A.S.L. (born in 2010) and K.J.L. (born in 2012). He argues there is legally and factually

insufficient evidence to support the trial court's findings. Because the evidence admitted at trial

would not enable a factfinder to reasonably form a firm belief and conviction about either of the

trial court's two findings of grounds for termination, we reverse and render judgment denying the

Department's request for termination. We do not disturb the trial court's conservatorship order,

which Manuel does not challenge on appeal.

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents are referred to by their first names and children are referred to by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

## BACKGROUND

On March 30, 2017, M.A.S.L. and K.J.L. were passengers in a vehicle driven by their mother, Valerie. Valerie was pulled over by a UTSA police officer, who ran her driver's license and a child safety alert was prompted. The Texas Department of Family and Protective Services located Valerie and performed an "instant" drug test. The results were positive for methamphetamines, but subsequent testing showed the drug screen was negative.

Sometime between March 30, 2017, and either May or June 2017, Manuel was incarcerated for burglary of a building. On August 8, 2017, the Department received another referral. According to the referral, Valerie had left the children in the presence of methamphetamines with two people in a motel room who had outstanding felony warrants. The following day, the Department filed an original petition for conservatorship and to terminate Manuel's and Valerie's parental rights to the children. The Department eventually placed M.A.S.L. with one of Manuel's sisters, and K.J.L. with another one of Manuel's sisters.

Three caseworkers worked on this case. The first caseworker, Melissa Briggs, handled the referrals. Briggs never had any personal contact with Manuel, but sent a "courtesy worker" to the jail where he was incarcerated to interview him. The record is silent as to whether Manuel was interviewed. The second caseworker, Mary Rosetti, handled the conservatorship component of the case. She did not meet with Manuel despite making two visits to the jail. On her first visit, she was "sent away" because she did not "reserve[] going there." On her second attempted visit, the facility was on lockdown. Rosetti sent Manuel's service plan to the jail, but she did not know whether Manuel actually received the plan. Rosetti also sent letters updating Manuel with case updates. Rosetti did not receive any information regarding Manuel's participation in any services. The third caseworker, Vanessa Batts, was assigned to the case in April 2018. Batts made no attempt to visit with Manuel during the case.

The case proceeded to a bench trial on May 22, 2018. Caseworkers Briggs, Rosetti, and Batts testified, as did Manuel. Valerie was not present for trial. The trial testimony comprises less than forty pages of the reporter's record, and although the caseworkers provided some testimony about Manuel, their testimony mainly focused on Valerie. The caseworkers' testimony shows Manuel was incarcerated during the entire case, he had no visits with the children because he was incarcerated, and Manuel's sisters were meeting all of the needs of M.A.S.L. and K.S.L. Batts testified, in very general terms, that Manuel had not to her knowledge complied with his family service plan; had not shown he could "provide a safe stable home" or a "drug-free, criminal-free, violent-free home environment" for the children; and had no contact with the children. Batts also suggested Manuel had a "drug problem." The only testimony the Department presented regarding Manuel before he was incarcerated is Rosetti's testimony that M.A.S.L. "wasn't achieving at age appropriate [sic] grade."

Manuel testified he had been incarcerated for one year, had served his time, and would be discharged immediately after trial. He stated he had not seen the children since June 2017, but wrote letters, sent "get well" cards, and attempted to get Christmas presents for the children. He explained he sent the correspondence to his brother and his grandmother because that is with whom he had been in contact. However, he stated he did not provide any support to the children while he was incarcerated. Manuel also testified he had secured full-time subcontracting employment at $8 hour to begin after his release and that he would temporarily live with his grandmother.

Manuel testified he did not have a place for the children to live with him immediately upon his release, but that he planned to get his own place, he "always had" his own place, and he had "always provided for [his] kids." According to Manuel, he was actively involved in his children's lives before he was incarcerated, dropped them off at school, and attended parent-teacher meetings. Regarding his communication with the caseworkers, Manuel testified he received paperwork from

the Department, but it all pertained to Valerie. He stated he received one letter on March 26, 2018, mentioning the family service plan and instructing him to follow up with the Department in June. Manuel testified he never received his family service plan, but voluntarily took classes while he was incarcerated to better himself.

Following trial, the trial court signed a final order of termination. The trial court's order contains its findings that Manuel constructively abandoned the children and failed to comply with court-ordered provisions of his family service plan. Specifically, in its constructive-abandonment finding, the trial court found the Department "made reasonable efforts to return the children to the father" and "the father has demonstrated an inability to provide the children with a safe environment." In its service-plan finding, the trial court found Manuel "failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the children." The order also contains the trial court's finding that termination of Manuel's parental rights to the children is in the children's best interest. The trial court also terminated Valerie's parental rights and awarded the Department permanent managing conservatorship of the children. Manuel timely filed a notice of appeal; Valerie did not appeal.

## DISCUSSION

On appeal, Manuel does not challenge the trial court's award of permanent managing conservatorship. Manuel argues only that the trial court's findings in support of termination are not supported by legally and factually sufficient evidence. In addition to the trial court's best-interest finding, Manuel challenges both the constructive-abandonment and service-plan findings. The Department does not address the service-plan finding, and instead argues that there is legally and factually sufficient evidence to support the trial court's constructive-abandonment and best-interest findings.

**A. Applicable Law & Standard of Review**

Parental rights may be terminated only if (1) the parent has committed an act prohibited by section 161.001(b)(1) of the Texas Family Code, and (2) termination of the parent–child relationship is in the child's best interest. *In re S.Z.*, No. 04-18-00095-CV, 2018 WL 3129442, at *5 (Tex. App.—San Antonio June 27, 2018, pet. denied) (mem. op.) (citing TEX. FAM. CODE ANN. § 161.001(b)). Only one ground under section 161.001(b)(1) must be established. *See id.* at *6 n.3. As the party seeking relief in the trial court, the Department had the burden of proof on these requirements. *See In re A.S.*, 261 S.W.3d 76, 88–89 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

A judgment terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b). To determine whether this burden of proof was met, we employ a heightened standard of review to determine whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *See In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). "This standard guards the constitutional interests implicated by termination, while retaining the deference an appellate court must have for the factfinder's role." *In re O.N.H.*, 401 S.W.3d 681, 683 (Tex. App.—San Antonio 2013, no pet.). We do not reweigh issues of witness credibility but defer to the factfinder's reasonable credibility determinations. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

A legal sufficiency review requires us to examine the evidence "in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id.* When conducting a factual sufficiency review, we evaluate "whether disputed

evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* The evidence is factually insufficient "[i]f, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *Id.*

**B. Sufficiency of the Evidence**

Manuel challenges the legal and factual sufficiency of the evidence, and requests that we reverse the trial court's order and render judgment in his favor. In light of his issues on appeal, we may not do so unless either (a) both of the trial court's findings of grounds for termination are not supported by sufficient evidence; or (b) the trial court's best-interest finding is not supported by sufficient evidence. *See* TEX. FAM. CODE ANN. § 161.001(b); *S.Z.*, 2018 WL 3129442, at *5 & *6 n.3; *C.H.*, 89 S.W.3d at 25. We begin with the trial court's findings of grounds for termination: constructive abandonment and failure to comply with court-ordered provisions of Manuel's family service plan. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O).

*1. Constructive-Abandonment Finding*

Manuel argues there is legally and factually insufficient evidence to support the trial court's constructive-abandonment finding. Section 161.001(b)(1)(N) provides a ground for terminating a parent–child relationship when the parent:

> constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
>     (i) the department has made reasonable efforts to return the child to the parent;
>     (ii) the parent has not regularly visited or maintained significant contact with the child; and
>     (iii) the parent has demonstrated an inability to provide the child with a safe environment.

*Id.* § 161.001(b)(1)(N). Manuel challenges the first and third requirements of subsection (N). "A family service plan is designed to reunify a parent with a child who has been removed by the Department." *In re A.Q.W.*, 395 S.W.3d 285, 288 (Tex. App.—San Antonio 2013, no pet.). "Implementation of a family service plan by the Department is considered a reasonable effort to return a child to its parent if the parent has been given a reasonable opportunity to comply with the terms of the plan." *Id.* at 289. "Environment" in subsection (N) "refers to the acceptability of living conditions, as well as a parent's conduct in the home." *In re R.I.D.*, 543 S.W.3d 422, 427 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (internal quotation marks omitted).

None of the caseworkers met with Manuel in person to discuss the family service plan. *See In re V.S.R.K.*, No. 2-08-047-CV, 2009 WL 736751, at *9 (Tex. App.—Fort Worth Mar. 19, 2009, no pet.) (mem. op.) (noting the Department does not make a reasonable effort if it fails to make efforts to meet with incarcerated parent, even when jail or prison is responsible); *see also In re D.T.*, 34 S.W.3d 625, 633 (Tex. App.—Fort Worth 2000, pet. denied) ("It has long been settled that imprisonment, standing alone, does not constitute 'abandonment' of a child for purposes of termination of parental rights."). Although Rosetti testified she mailed Manuel's family service plan to the facility where he was incarcerated, there is no evidence that Manuel actually received the family service plan. Rosetti also failed to provide the date that she mailed the family service plan to Manuel. Manuel testified he received correspondence addressed to him on March 26, 2018, but that was less than two months before trial. *See* TEX. FAM. CODE. ANN. § 161.001(b)(1)(N) (requiring Department's efforts to be "reasonable"); *A.Q.W.*, 395 S.W.3d at 288-89 (same).

Furthermore, the only evidence in the record arguably relevant to whether Manuel "demonstrated an inability to provide the child[ren] with a safe environment" was (1) that M.A.S.L. was not "achieving at age appropriate [sic] grade," (2) Manuel's burglary of a building and was incarcerated for one year, (3) Manuel did not yet have permanent housing at the time of

trial, and (4) there is some indication that Valerie might have been using methamphetamines. The first three facts do not constitute a "demonstration" that Manuel was unable to provide the children with a home and safe living conditions. *See R.I.D.*, 543 S.W.3d at 427. The Department also failed to prove Manuel was aware that Valerie might have been using methamphetamines. *See A.Q.W.*, 395 S.W.3d at 288-89 (holding father's incarceration and child's subsequent birth with opiates in his system was insufficient to demonstrate father's inability to provide a safe living environment). It was also undisputed the children were safely placed with Manuel's sisters. *See A.S.*, 261 S.W.3d at 89 ("[I]ncarcerated parent[s] can provide [a] safe environment . . . through identification of [a] friend, relative, or spouse as [a] care provider") (citing *In re D.S.A.*, 113 S.W.3d 567, 573 (Tex. App.—Amarillo 2003, no pet.)).

Based on the evidence the Department presented to the trial court, we hold that the evidence does not enable a factfinder to reasonably form a firm conviction or belief that the Department made reasonable efforts to return the children to Manuel or that Manuel had demonstrated an inability to provide the children with a safe environment. *See* TEX. FAM. CODE. ANN. § 161.001(b)(1)(N); *C.H.*, 89 S.W.3d at 25. Because the trial court's finding of constructive abandonment under subsection (N) is not supported by legally and factually sufficient evidence, the finding cannot support the trial court's order of termination. *See* TEX. FAM. CODE ANN. § 161.001(b); *S.Z.*, 2018 WL 3129442, at *4; *see also In re D.G.*, No. 02-17-00332-CV, 2018 WL 547787, at *4 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (mem. op.) (holding evidence insufficient to support constructive abandonment finding when father was incarcerated, no evidence showed father actually received family service plan, Department ceased efforts to ensure father had plan, and Department did not assist father in working services) (citing authorities); *In re J.L.G.*, No. 06-16-00087-CV, 2017 WL 1290895, at *10 (Tex. App.—Texarkana Apr. 6, 2017, no pet.) (mem. op.) (holding evidence insufficient for constructive abandonment when there was

no evidence, other than conclusory opinions, regarding father's financial resources, employment history, home environment, parenting skills, or ability or inability to care for the child).

### 2. *Service-Plan Finding*

Manuel contends there is legally and factually insufficient evidence supporting the trial court's service-plan finding. The Department relies on the constructive-abandonment finding and does not address this finding. Section 161.001(b)(1)(O) provides a ground for termination of a parent–child relationship when the parent:

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child;

TEX. FAM. CODE. ANN. § 161.001(b)(1)(O). A court may not order termination under this subsection "if a parent proves by a preponderance of evidence that: (1) the parent was unable to comply with specific provisions of the court order; and (2) the parent made a good faith effort to comply with the order and the failure to comply with the order is not attributable to any fault of the parent." *Id.* § 161.001(d).

Rosetti testified she "did ask" Manuel to engage in drug treatment, therapy, and anger management, but there were services Manuel "would not be able to get" in prison. Briggs did not testify about whether Manuel had actually failed to comply with court-ordered provisions of his family service plan. Rosetti testified that "to [her] knowledge," Manuel had not complied with his service plan, but stated she had not received any information about whether he engaged in services. Likewise, Batts testified Manuel had not complied with his service plan "to [her] knowledge," but she clarified she had "no idea" about whether Manuel completed the services and testified she had no contact with Manuel.

Based on the evidence before the trial court, we hold that no reasonable factfinder could have formed a firm conviction or belief that Manuel failed to comply with court-ordered provisions of his family service plan. *See* TEX. FAM. CODE. ANN. § 161.001(b)(1)(O), (d); *C.H.*, 89 S.W.3d at 25. Because the trial court's service-plan finding is not supported by legally and factually sufficient evidence, the finding cannot support the trial court's order of termination. *See* TEX. FAM. CODE ANN. § 161.001(b); *S.Z.*, 2018 WL 3129442, at *5.

*3. Conclusion regarding Sufficiency of the Evidence*

In order for a trial court to terminate a parent–child relationship, there must be at least one finding of a statutory ground for termination that is supported by legally and factually sufficient evidence. *See* TEX. FAM. CODE ANN. § 161.001(b); *S.Z.*, 2018 WL 3129442, at *5. Although the trial court found two statutory grounds for termination, neither is supported by legally and factually sufficient evidence. Thus, without addressing whether the trial court's best-interest finding is supported by sufficient evidence, we hold the trial court erred by terminating Manuel's parental rights to his children. *See* TEX. R. APP. P. 47.1 (requiring us to address only the issues necessary for disposition of the appeal).

## CONCLUSION

We reverse the trial court's order terminating Manuel's parental rights to his children, and we render judgment denying the Department's request for termination. Because Manuel does not challenge the trial court's award of permanent managing conservatorship to the Department, we do not disturb that part of the trial court's final order.

Luz Elena D. Chapa, Justice